IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Michelle Martin, as Personal Representative of the Estate of Gerald Martin, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 6:11-2048-HMH |
| vs. | ) ) | **OPINION & ORDER** |
| American Honda Motor Co., Inc. and Amano Pioneer Eclipse Corporation, | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on American Honda Motor Co. Inc.'s ("Honda") motion to redact the trial transcript. Specifically, Honda requests that the Plaintiff counsel's reference to the settlement amount with Honda be redacted because the Plaintiff and Honda entered into a settlement agreement containing a confidentiality provision regarding the settlement amount.

The public has a strong interest in access to court documents.

> The right of public access to court documents derives from two separate sources: the common law and the First Amendment. The common law right affords presumptive access to all judicial records and documents. Submitted documents within the common law right may be sealed, however, if competing interests outweigh the public's right of access.

Hill v. Kenworth Truck Co., Civil Action No. 2:07-0223, 2008 WL 4058426, at *1 (S.D. W. Va. Aug. 26, 2008) (unpublished) (internal citations omitted).

> The common law presumes a right of the public to inspect and copy all judicial records and documents. This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access, and [t]he

1

>party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.

Virginia Dep't of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004) (internal quotation marks and citations omitted). Under the common law balancing test, some of the factors

>include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.

Id. (quoting In re Knight Publ'n Co., 743 F.2d 231, 235 (4th Cir. 1984)). The right to access judicial records under the First Amendment

>has a more limited scope than the common law right, having only been extended . . . to particular judicial records and documents. The First Amendment right of access attaches if: (1) the place and process have historically been open to the press and general public; and (2) public access plays a significant positive role in the functioning of the particular process in question.

Hill, 2008 WL 4058426, at *2 (internal quotation marks and citations omitted). The party seeking to restrict access bears the burden of overcoming a First Amendment right to access claim and must present specific reasons to support restriction of access. Id. at *3.

As an initial matter, Honda has not raised any argument to rebut the presumption of the public's right to access of court records. Further, the court finds that the public's interest in access outweighs Honda's interest in retaining confidentiality of the amount of settlement. Honda bears the burden of rebutting the presumption in favor of public access, which Honda has failed to do. On this basis alone, Honda's motion is denied.

In addition, Honda's motion is without merit because redaction of the transcript as requested by Honda violates Local Civil Rule 5.03(E) of the District of South Carolina, which

provides that "[n]o settlement agreement filed with the Court shall be sealed pursuant to the terms of this Rule."  Honda attempts to distinguish Rule 5.03(E) on the basis that this is a motion to redact, not a motion to seal.  However, the result Honda seeks is the same–removal of any reference to the settlement amount in a filed document.

Lastly, as part of the settlement approval procedure, the court is required to consider the financial terms of a wrongful death or survival action.  Honda settled with the Plaintiff prior to the trial in this matter.  Amano Pioneer Eclipse Corporation ("Pioneer") settled with the Plaintiff during the trial on January 15, 2013.  This action was a wrongful death and survival action.  Pursuant to S.C. Code Ann. § 15-51-41, a wrongful death or survival action "must be approved by either a probate court, circuit court, or United States District Court, as provided in Section 15-51-42."  S.C. Code Ann. § 15-51-42(C) provides in pertinent part that if

> (1) the settlement agreement between the parties is reached before the matters reach trial, the personal representative shall petition the court in which the wrongful death or survival action has been filed and follow the procedure for settlement as provided in (B) above; [or]
> (2) the settlement agreement is reached during the trial, or after trial but before notice of appeal is filed, of either the wrongful death or survival action, then no petition is necessary, and the court shall conduct a hearing, at which the parties may present to the court the pertinent facts and information, including that information required in subsection (B) above, which the court may require in order to consider whether to approve or disapprove the settlement.  If the court finds the settlement is fair and reasonable and in the best interests of the statutory beneficiaries and, in a survival action, the estate of the decedent, then the court shall issue its order approving the settlement[.]

Honda settled this matter with the Plaintiff before trial.  However, the personal representative did not file a petition seeking approval of the settlement pursuant to section 15-51-42(C)(1).  Pioneer settled during the pendency of the trial and at the request of the Plaintiff's counsel, the

court immediately conducted a settlement approval hearing. (Tr. Transcript 316, ECF No. 151 (requesting that the court "go through an approval hearing").) The Plaintiff presented the facts including the settlement amounts for both Honda and Pioneer and information relating to the payment of attorneys' fees. (Id. at 316-17.) Plaintiff's counsel requested that the court approve the settlements. Honda was not present at the hearing and presents no objection to the representation to the court that this matter was in fact settled with Plaintiff. After consideration, the court approved the settlements.

The confidentiality provision in Honda and the Plaintiff's settlement agreement is of no effect to this court. The presence of the confidentiality provision was not raised during the settlement hearing. However, even if it had been raised, in order to approve the settlement, the court had to consider the financial terms of the settlements. The court is required to undertake an independent review of settlements in wrongful death and survival actions to determine whether the settlements are fair and reasonable. The court cannot determine the reasonableness of a settlement without consideration of the financial terms of the settlement. "The amount of the settlement and to whom it is to be distributed is essential to the court's adjudication. The terms of the settlement agreement will become a part of the judicial record as a matter of necessity." Hill, 2008 WL 4058426, at *4 (denying motion to maintain the confidentiality of the settlement amount).

Based on the foregoing, Honda's motion is denied.

Therefore, it is

**ORDERED** that Honda's motion to redact the trial transcript, docket number 159, is denied.

**IT IS SO ORDERED.**

                                                    s/Henry M. Herlong, Jr.
                                                    Senior United States District Judge

Greenville, South Carolina
April 22, 2013